UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-95 (SHKx)** | Date | June 2, 2022 |
|---|---|---|---|
| Title | *Merchant X LLC v. National Merchants Association, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) To Show Cause; and (2) Continuing the Motion to Dismiss (Dkt. No. 28) to June 13, 2022 (IN CHAMBERS)

On January 14, 2022, Plaintiff Merchant X LLC ("Plaintiff" or "Merchant X") filed a complaint against Defendants National Merchants Association ("NMA"), Heather Petersen Altepeter ("Ms. Altepetter"), and Evolve Bank & Trust. ("Complaint," Dkt. No. 1.) On March 14, 2022, Merchant X filed an amended complaint. ("FAC," Dkt. No. 22.) The FAC alleges three causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. (See FAC.)

The FAC alleges diversity jurisdiction. (Id. ¶ 5.) Merchant X a single-member limited liability company organized under the laws of Maine and its sole member is domiciled in Maine. (Id. ¶ 1.) NMA is a corporation incorporated in California, with offices in California and Nevada. (Id. ¶ 2.) Ms. Altepeter is the Chief Executive Officer of NMA and is a citizen of California. (Id. ¶ 3.) Evolve is a "a bank headquartered in Memphis, Tennessee." (Id. ¶ 4.)

Plaintiff fails to allege diversity jurisdiction under 28 U.S.C. § 1332(a). First, Plaintiff fails to allege citizenship and the principal place of business of both Defendants NMA and Evolve. See FAC (Id. ¶¶ 2,4) (NMA's principal place of business is not alleged; Evolve's citizenship is not alleged).

Second, Plaintiff has not alleged an amount in controversy in excess of $75,000.00. (See 28 U.S.C. § 1332(a)). Plaintiff attached the contract at issue to the FAC, which references the contract at length. (See "Contract," Dkt. No. 22, Ex. A.) The contract includes a "limitation of liability" provision, which reads in relevant part:

> The liability, if any, of NMA under this Agreement for any claims, costs, damages, losses, and expenses for which it is or may be legally liable, whether arising in negligence or other tort, contract, or otherwise, will not exceed $10,000.00, measured from the date the liability accrues. In no event will either party be liable for indirect, special, or consequential damages even if advised of that possibility.

Contract § 7.2.

Plaintiff's causes of action are all on the contract; no tort claims are alleged. Plaintiff does not allege whether it interprets section 7.2 to be a total damages cap of $10,000.00 or $10,000.00 per breach. If the latter, Plaintiff fails to allege that it has sustained multiple breaches.

Plaintiff is ordered to show cause in writing no later than **June 5, 2022,** why this action should not be dismissed for lack of subject matter jurisdiction. The June 6, 2022 hearing is continued to June 13, 2022 at 9:00 a.m.

**IT IS SO ORDERED.**